# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**KAREN VITORINO,**

    **Plaintiff,**

v.                                          Case No.  8:13-cv-499-T-30MAP

**LE RUSS CORPORATION,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Judgment (Dkt. 27).  The Court, having reviewed the motion and being otherwise advised in the premises, concludes the motion should be denied.

Plaintiff Karen Vitorino initiated this action against Defendant Le Russ Corporation for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and for wages under the Florida Constitution.  Defendant answered the complaint, admitting "for jurisdictional purposes" that it is an enterprise engaged in commerce and that it employed Plaintiff as a bartender and server.  Plaintiff has now moved for judgment on the pleadings as to the following three elements of her FLSA claims: (1) Defendant is an enterprise engaged in commerce as defined by the FLSA; (2) Plaintiff was individually covered by the FLSA; and (3) Defendant is Plaintiff's employer.  Defendant has failed to respond both to

the motion for partial judgment and the Court's order to show cause for failure to respond to the motion for partial judgment.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).

Plaintiff seeks a judgment on the pleadings as to three *elements* of her causes of action under the FLSA, but not as to the FLSA counts themselves. Even if those elements have been admitted in Defendant's answer, they are insufficient alone to entitle Plaintiff to judgment as a matter of law on her FLSA claims. Simply put, the Court may enter judgment as to an entire count or affirmative defense, but declines to enter judgment as to an element of a claim. Therefore, the motion for partial judgment on the pleadings is denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Judgment (Dkt. 27) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on March 19, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-499.denyjudgmentonpleadings.frm